PONDER, Justice.
The plaintiff, administrator brought suit against the defendants for an accounting of funds received and disbursed by them belonging to the successions of Pearl Riley Hogan, Edward Riley, and Emmett C. Riley. The defendants filed purported accounts of the funds received and disbursed by them. An accountant appointed by the court, by consent of the parties, prepared and filed an account of the funds received and disbursements made by the defendants. Mrs. Gladney reconvened and asked for judgment in the sum of $4,900.00 and interest alleging that she owned two notes that were due by the successions. On trial of the case, the lower court gave judgment in favor of the plaintiff, administrator, against the defendant Frank W. Gladney in the sum of $2,025.46 and judgment against the defendant Mrs. Gladney in the sum of $6,-342.10 with legal interest from the date of the judgment until paid. Mrs. Gladney’s reconventional demand was dismissed without prejudice. Frank W. Gladney did not appeal from the judgment. Mrs. Gladney has appealed.
The appellant contends that she acquired the notes, recited in her reconventional demand, from third persons in due course and that she should be allowed to compensate this debt against the judgment rendered against her.
It appears that Gladney opened the succession of Pearl Riley Hogan alleging that the succession was free from debt except in the amount of $7,400.00 represented by notes secured by mortgages on the property of the succession. It was alleged that the total value of the estate as shown by the inventory was $18,950.00. Edward Riley and Emmett C. Riley were sent into possession of the estate by judgment of court as the sole heirs of the deceased. Emmett C. Riley represented by Gladney was sent into possession of the estate of Edward Riley upon his death. Emmett Riley died sometime during the month of May, 1942 and the plaintiff applied and was appointed administrator of his succession. The administrator brought this suit for an accounting alleging that the funds and property belonging to these successions have been mishandled by the defendants. It appears that the defendants have handled the affairs of these successions and continued to handle them after the heirs had been placed in possession of the estates. They have received the funds due the successions and heirs and disbursed them for the successions and heirs.
The trial judge rejected the reconventional demand on the ground that it could not be allowed in a suit for an accounting. The trial judge was not convinced by the evidence that Mrs. Gladney had proved *463 she was the bona fide holder of the notes or had advanced the money to take up these notes. He states that the accounting was confusing and difficult to understand for the reason that the entries had not been supported by receipts. He states that in his long experience as a judge that he has never known or heard of such a situation as exists in this case. We have examined the record and find it to be confusing and indefinite. It is impossible for us to state, after a careful review of the record, with any degree of certainty that the appellant is the bona fide holder and owner of these notes. Since the ownership of the notes has not been established it is not necessary for us to inquire into whether they could be urged in a reconventional demand or allowed in compensation of the debt.
For the reasons assigned, the judgment is affirmed at appellant’s cost.